[666 NYS2d 711]

In the Matter of R. EMMET DELANY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 22, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

*Morvillo, Abramowitz, Grand, Iason & Silberberg, P. C.,* New York City *(Paul R. Grand* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing three charges of professional misconduct. The Special Referee sustained all three charges after a hearing.

Although the respondent entered his plea of guilty on September 2, 1992, he had entered into a cooperation agreement with the United States Attorney's office, dated August 11, 1992, which indefinitely delayed the imposition of sentence.

The respondent was sentenced on the underlying criminal matter by the Honorable Barbara S. Jones on May 30, 1997. As a result of the respondent's substantial assistance, counts three and four of the information to which the respondent had pleaded guilty were dismissed on motion of the Government. These constituted two of the three criminal counts underlying Charge Three of the Grievance Committee's petition of charges in the underlying disciplinary proceeding. The sentencing court placed the respondent on probation for two years and imposed a fine of $4,000 and a mandatory special assessment of $150.

The respondent now moves to renew proceedings in the disciplinary matter and to impose the final sanction of a rea-

sonable term of suspension, pursuant to Judiciary Law § 90 (4) (g), retroactive to the date of his interim suspension, with automatic reinstatement at the end of the term of suspension. The Grievance Committee moves for a final order of suspension, censure, or disbarment, pursuant to Judiciary Law § 90 (4) (g).

Charge One alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules Governing the Conduct of Attorneys (22 NYCRR) § 691.7 (b). The respondent was charged with tampering with a witness (18 USC § 1512) under United States felony information 92 Cr. 706. On September 2, 1992, he pleaded guilty in the United States District Court for the Southern District of New York to the crime of tampering with a witness in violation of 18 USC § 1512.

Charge Two alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules Governing the Conduct of Attorneys (22 NYCRR) § 691.7 (b). The respondent was charged with knowingly attempting to evade and defeat income tax (26 USC § 7201) by United States felony information 92 Cr. 706. On September 2, 1992, he pleaded guilty in the United States District Court for the Southern District of New York to the crime of knowingly attempting to evade and defeat income tax in violation of 26 USC § 7201.

Charge Three alleged that the respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules Governing the Conduct of Attorneys (22 NYCRR) § 691.7 (b). The respondent was charged with mail fraud (18 USC § 1341) by United States felony information 92 Cr. 706. On September 2, 1992, the respondent pleaded guilty in the United States District Court for the Southern District of New York to the serious crime of mail fraud in violation of 18 USC § 1341.

After reviewing the evidence adduced, we conclude that the Special Referee properly sustained Charges One and Two in their entirety and Charge Three to the extent that it was based upon the respondent's plea of guilty to one count of mail fraud. Accordingly, the respondent's and the Grievance Committee's motions are granted to the extent that a final sanction is now imposed upon the respondent.

In determining an appropriate measure of discipline to impose, we have considered the character evidence submitted by the respondent, his cooperation with Federal authorities,

and the numerous community services in which he has been involved. The respondent asks that the Court limit any suspension to a term of two years, retroactive to the date of his interim suspension, that he be automatically reinstated upon termination of the suspension and that the transcript be sealed until the conclusion of the Federal cases against the targets against whom he testified.

Notwithstanding the mitigation advanced by the respondent, we find that he is an experienced professional who acted with a deliberate and conscious will, without respect for the ethical requirements of the profession. Under the circumstances, the respondent is disbarred for his acts of professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to impose a final sanction against the respondent is granted; and it is further,

Ordered that the respondent's motion is granted to the extent that a final sanction is now imposed against the respondent, and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, R. Emmet Delany, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, R. Emmet Delany is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.