12-2056-cr
*United States v. McDonald*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: Dec. 11, 2013   Decided: July 22, 2014)

Docket No. 12-2056-cr

---

UNITED STATES OF AMERICA,
Appellee,

v.

ROBERT E. McDONALD,
Defendant–Appellant.

---

Before:    CABRANES, SACK, and LYNCH,
*Circuit Judges.*

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*), convicting the defendant on one count each of securities fraud, wire fraud, and mail fraud. The defendant argues that after a jury poll revealed that the guilty verdict was not unanimous, he was entitled to a charge reminding minority jurors not to relinquish their conscientiously held beliefs. Because the district court did not err in its response to the jury poll, and because the defendant's remaining arguments are without merit, the judgment of the district court is

AFFIRMED.

ARLO DEVLIN-BROWN
(Jason H. Cowley, Justin
Anderson, *on the brief*),
Assistant United States

Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, *for Appellee.*

STEVEN G. BRILL, Sullivan & Brill, LLP, New York, NY, *for Defendant–Appellant.*

SACK, *Circuit Judge*:

This appeal is from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*), convicting the defendant on three federal fraud charges. The principal issue before us is the propriety of the actions taken by a trial judge, presiding over a criminal trial, after a jury poll revealed that the guilty verdict rendered was not unanimous. In this case, upon learning that at least one juror did not join the verdict, the district court, briefly and with little elaboration, instructed the jury to continue its deliberations. The defendant asserts that this pithy instruction pressured the dissenting juror into changing her vote and argues that he was entitled instead to the string of exhortations, caveats, and qualifications commonly known as a "modified *Allen* charge." Appellant's Br. at 13 (referring to *Allen v. United States*, 164 U.S. 492 (1896)). We conclude that there was no such requirement in the context and circumstances of this case. We therefore affirm the judgment of conviction.

## BACKGROUND[1]

Defendant Robert E. McDonald was convicted after a ten-day jury trial on one count each of federal securities fraud, wire fraud, and mail fraud, all in connection with a scheme to raise money to buy several hotels in the Midwest. Throughout the trial, McDonald represented himself with the assistance of standby counsel.

At the close of trial, after deliberating for nearly four hours over a two-day period, the jury announced that it had reached a verdict and that the defendant had been found guilty on all three counts. In a poll ordered by the district court immediately thereafter, the first ten jurors confirmed the guilty verdict. But when asked whether "guilty" was her verdict, juror number eleven responded "no." The trial judge discontinued the polling, so the twelfth juror was not polled.

The trial judge then held a sidebar conference at which he told counsel for both sides that he intended to instruct the jury to continue deliberating. Both parties agreed. The judge then told the jury that he would "send you back to continue to deliberate to see whether you can reach a unanimous verdict, in light of all of the instructions that I have given you." Trial Tr. at 1407.

After the jury resumed deliberations, the judge told both parties that he had identified a model jury instruction for a situation in which a jury poll reflected

---

[1] The undisputed facts relevant to this appeal are canvassed in greater detail in the opinion of the district court. *See United States v. McDonald*, 825 F. Supp. 2d 472, 475–78 (S.D.N.Y. 2011).

a lack of unanimity.[2]  The judge noted that the first part of this model instruction tracked what the jury had already been told: verdicts must be unanimous, and the jury should continue deliberations.  The second part of the instruction reflected what is commonly referred to as a "modified *Allen* charge," *see United States v. Haynes*, 729 F.3d 178, 194 (2d Cir. 2013), encouraging the jurors to consult with one another and to change their minds if convinced of a new view, while counseling them not to surrender sincerely held convictions.  The judge stated that he was not inclined to give that instruction, but asked whether either party had a different view.  McDonald's standby counsel, after conferring with

---

[2] The model instruction read in full:

> It appears from the answers given from the polling of the jury that your verdict is not unanimous.  As I previously instructed you, the Court cannot accept a verdict of guilty or not guilty unless it is unanimous.  I must therefore ask that you return to the jury room and continue your deliberations.  The instructions which I previously gave still apply.

> Specifically I remind you that you should discuss and consider the evidence, listen to the arguments of your fellow jurors, present your individual views, and consult with one another.  You should not hesitate to change your views if you are convinced they are erroneous.  However, you should not surrender a conscientiously held conviction simply because you are outnumbered or merely in order to reach a verdict.

App. 788 (quoting 1–9 Leonard B. Sand et al., *Modern Federal Jury Instructions—Criminal* ¶ 9.12 (2014)).

4

McDonald, agreed that the instruction was not necessary.

After about an hour of additional deliberation, the jury again returned a guilty verdict, which a jury poll confirmed was unanimous. The judgment of conviction was entered on May 10, 2012, and McDonald was sentenced principally to 70 months' imprisonment. After trial and before sentencing, McDonald moved for a new trial under Federal Rule of Criminal Procedure 33, arguing that the district court's instruction that the jury continue its deliberations was "improper and coercive." *United States v. McDonald*, 825 F. Supp. 2d 472, 474 (S.D.N.Y. 2011). The district court denied this motion on November 22, 2011. *Id.* at 484.

McDonald appeals. He renews his argument that the district court's supplemental instruction to the jury was unduly coercive. He also challenges aspects of the court's initial jury instructions, certain evidentiary rulings, and the basis for the securities fraud charge.

## DISCUSSION

If a jury poll reveals that a verdict is not unanimous, the trial judge "may direct the jury to deliberate further or may declare a mistrial and discharge the jury." Fed. R. Crim. P. 31(d); *accord United States v. Rastelli*, 870 F.2d 822, 835 (2d Cir.), *cert. denied*, 493 U.S. 982 (1989). Because this rule "entrusts the trial judge with a measure of discretion, the reasonable exercise of this discretion should be accorded proper deference by a reviewing court." *United States v. Gambino*, 951 F.2d 498, 501 (2d Cir. 1991) (internal quotation marks omitted), *cert. denied*, 504 U.S. 918 (1992); *see also United States v. Thomas*, 303 F.3d 138, 142 (2d Cir. 2002) (stating that denial of motion for a new trial is reviewed for abuse of discretion).

5

Our review is further limited in cases such as this, where the defendant failed to raise a timely objection to the judge's jury instruction. *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir.) (stating that review in these circumstances is limited to plain errors affecting substantial rights and the fairness or integrity of judicial proceedings), *cert. denied*, 134 S. Ct. 309 (2013); *see also United States v. Martinez*, 446 F.2d 118, 120 (2d Cir.) (applying plain error review to an *Allen* charge), *cert. denied*, 404 U.S. 944 (1971); Fed. R. Crim. P. 30(d) & 52(b) (stating that failure to object to a jury instruction "precludes appellate review," except in situations involving plain error). For the following reasons, we conclude that the district court's instruction was wholly appropriate and therefore did not constitute error, let alone plain error.[3]

When a trial judge issues a supplemental instruction to a divided jury, its propriety turns, at least in part, on whether the charge "tends to coerce undecided jurors into reaching a verdict—that is, whether the charge encourages jurors to abandon, without any principled reason, doubts that any juror conscientiously holds as to a defendant's guilt." *United States v. Vargas-Cordon*, 733 F.3d 366, 377 (2d Cir. 2013) (internal quotation marks omitted). We must "consider the supplemental charge given by the trial court in its

---

[3] Indeed, as we noted in *United States v. Hertular*, 562 F.3d 433 (2d Cir. 2009), when a defendant "not only fail[s] to object to the challenged charge," but also "specifically endorse[s]" the instruction, "[s]uch endorsement might well be deemed a true waiver." *Id.* at 444 (citations and internal quotation marks omitted). We need not decide whether the defendant's express acceptance of the district court's proposed instruction was a "true waiver," however, as we conclude that, assuming plain error review is appropriate here, there was no error in the district court's instruction.

context and under all the circumstances." *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) (internal quotation marks omitted). In undertaking this assessment, we adopt the viewpoint of a juror in the minority position. *See Smalls v. Batista*, 191 F.3d 272, 280–81 (2d Cir. 1999).

Applying these standards, we conclude that the district court's supplemental charge was not coercive. The instruction did not intimate to the jurors that all twelve were *required* to reach an agreement. It asked only that the jury continue deliberations "to see whether" a unanimous verdict were possible. Trial Tr. at 1407. In this respect, the instruction is substantially similar to the supplemental charge that this Court approved in *Spears v. Greiner*, 459 F.3d 200 (2d Cir. 2006), *cert. denied*, 549 U.S. 1124 (2007), in which the court "asked the jurors to consider the facts 'with an *attempt* to reach a verdict if *that be possible*.'" *Id.* at 206 (emphasis in *Spears*) (internal quotation marks omitted). As in *Spears*, the court's instruction in this case did not urge dissenting jurors to alter their views or encourage the jurors to attempt to persuade each other. *See id.* It did not give the "incorrect and coercive" impression "that the only just result was a verdict," *United States v. Haynes*, 729 F.3d at 194, or that the dissenting juror "had no other choice but to convince or surrender," *Smalls*, 191 F.3d at 280. Rather, the court's brief instruction, on its face, left open the possibility that the jurors would have principled disagreements that would prevent them from reaching a unanimous verdict.

The context in which the instruction was given further supports our conclusion that the charge was not coercive. The district court told the jury to continue its deliberations "in light of all of the instructions that I have given you." Trial Tr. at 1407. This instruction referenced the court's original charge, which both required the jurors to engage in robust deliberation and

7

urged them to hold fast to their conscientiously held beliefs. *See id.* at 1358; *Spears*, 459 F.3d at 206 (approving a supplemental instruction where the initial charge "include[d] cautionary language telling jurors that they had a right to stick to their arguments and stand up for their own strong opinions"). Moreover, the fact that the defendant and his standby counsel initially approved of the district court's approach to the non-unanimous verdict "indicates that the potential for coercion argued now was not apparent . . . on the spot." *Lowenfield*, 484 U.S. at 240; *accord Spears*, 459 F.3d at 206.

The defendant nonetheless argues that he was entitled to additional language "admonishing [each] juror not [to] abandon any conscientiously held beliefs." Appellant's Br. at 23. This argument invokes more than a century of jurisprudence dealing with so-called "*Allen* charges," a term that refers to the Supreme Court's decision in *Allen v. United States*, 164 U.S. 492, 501–02 (1896). In disposing of this argument, it may be helpful to disentangle our increasingly complicated jurisprudence regarding *Allen* charges from the principles that govern our assessment of the district court's straightforward and wholly proper instruction in this case.

"The *Allen* or 'dynamite' charge is designed to blast loose a deadlocked jury." *Green v. United States*, 309 F.2d 852, 854 (5th Cir. 1962) (Wisdom, J.). The "defining characteristic" of this charge "is that it asks jurors to reexamine their own views and the views of others."[4] *Haynes*, 729 F.3d at 192 (internal quotation

---

[4] The *Allen* charge today comes in two versions: a "traditional" charge that urges minority jurors to reconsider their views in light of the majority, and a more even-handed "modified" charge that asks all jurors—minority and majority—to reexamine their own views and consider the

marks omitted).  "Its function is to emphasize that a verdict is in the best interests of both prosecution and defense," and to avoid the hefty costs of retrial when it is possible for the jury to reach a unanimous verdict "without any juror yielding a conscientious conviction." *United States v. Hynes*, 424 F.2d 754, 757 (2d Cir.) (internal quotation marks omitted), *cert. denied*, 399 U.S. 933 (1970).

We generally require that judges muffle the explosive effects of the *Allen* charge by adding mitigating language.  A "necessary component" of any charge encouraging jurors to reconsider their views, therefore, is a further instruction "admonish[ing] the jurors not to surrender their own conscientiously held beliefs."  *Smalls*, 191 F.3d at 279.  In other words, we generally expect that a trial judge using an *Allen*-type supplemental charge will employ both components:  He or she will both urge jurors to try to convince each other and remind jurors to adhere to their conscientiously held views.  *See Spears*, 459 F.3d at 206; *Smalls*, 191 F.3d at 278 (stressing that the charge in that case "was unconstitutionally coercive because it *both* (1) obligated jurors to convince one another that one view was superior to another, *and* (2) failed to remind those jurors not to relinquish their own conscientiously held beliefs" (emphasis in original)).

In light of these characteristics, it should be clear that the district court's instruction was not an *Allen* charge at all.  *See McDonald*, 825 F. Supp. 2d at 479–80

views of others.  *See, e.g., Allen*, 164 U.S. at 501–02 (reflecting the traditional charge); *Vargas-Cordon*, 733 F.3d at 377–78 (upholding a traditional charge, though emphasizing that it "should be used sparingly, and with caution"); *Haynes*, 729 F.3d at 193 (discussing the distinction).  This distinction is not important here, and the principles discussed above apply to both variants.

(explaining the difference between an *Allen* charge and the kind of instruction at issue here). The instruction contained no language "obligat[ing] jurors to convince one another that one view was superior," which ordinarily would require the inclusion of further cautionary language. *Smalls*, 191 F.3d at 278. And we find nothing in the context and circumstances of this case that would require the cautionary language despite the absence of any *Allen*-type instruction to reconsider one's views. *See, e.g.*, *Spears*, 459 F.3d at 204 n.3, 206–07 (noting that a supplemental charge must be evaluated in context regardless of how it is characterized, and finding no undue coercion); *cf. Jimenez v. Myers*, 40 F.3d 976, 981 (9th Cir. 1993) (*per curiam*) (finding that, even without explicitly using the language of an *Allen* charge, "the trial court's comments and conduct amounted to . . . a de facto *Allen* charge" requiring the mitigating language).

In the circumstances presented by this case, we think that the district court's approach was a prudent one.[5] The court's instruction correctly carried no

<hr/>

[5] Judge Sand, commenting on the model instruction proposed in his treatise, suggests to the contrary that a modified *Allen* charge "should be given *whenever* the poll of the jury reveals that the verdict was not unanimous." Sand et al., *supra* note 2, ¶ 9.12 (emphasis added) (stressing that jurors should be reminded of their duty to deliberate "because it seems unlikely that a juror would express a negative answer during a poll unless there had been a failure of communication among the jurors"). We think that the district court's brief request in this case that the jurors continue their deliberations will provide, in many situations, a sensible and manageable alternative to the often unwieldy instructions of a full modern *Allen* charge. At least one other circuit takes a similar approach, instructing jurors only to "return to the jury room and continue deliberations." *Id.* (quoting Eighth Circuit pattern jury instructions).

implication that any juror opposing conviction was obligated to reconsider her views. We need not address whether any type of *Allen* charge would have been permissible here, because that issue is not before us. But we do note that modern *Allen* charges have become increasingly lengthy and complex, and therefore district judges should be mindful of presenting them in a way that aids, rather than confuses, the jury. *See* George C. Thomas III & Mark Greenbaum, *Justice Story Cuts the Gordian Knot of Hung Jury Instructions*, 15 Wm. & Mary Bill Rts. J. 893, 923–24 (2007) (reprinting, "at the risk of boring the reader to death . . . a typical modern *Allen* charge"). This applies with even greater force in circumstances where the "dynamite" language of an *Allen* charge, even with the mitigating language, is given immediately after a jury poll reveals a lone dissenter. *See Lowenfield*, 484 U.S. at 253–54 (Marshall, J., dissenting) (noting that "an *Allen* charge given on the heels of a jury poll poses special risks of coercion"). Such a circumspect approach avoids the implication that the trial court is exerting pressure on the jury to reach a decision.

## CONCLUSION

We conclude that the challenged jury instruction in this case, considered in its context and circumstances, did not tend to coerce jurors into reaching a verdict. The instruction did not urge jurors to reconsider their views, and the defendant was not entitled, in this context, to a further charge counseling jurors to hold fast to their conscientiously held beliefs. We have considered the defendant's remaining arguments on appeal, and we find them to be without merit. The judgment of the district court is therefore AFFIRMED.