15-286-cr
United States v. Baldeo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand fifteen.

Present:      GUIDO CALABRESI,
              CHESTER J. STRAUB,
              ROSEMARY S. POOLER,
                       *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                       *Appellee*,

                v.                                                15-286-cr

ALBERT BALDEO, AKA, Sealed Defendant 1,

                       *Defendant-Appellant*.

---

Appearing for Appellant:      SUSAN C. WOLFE, Blank Rome LLP, New York, NY.

Appearing for Appellee:       MARTIN S. BELL, Assistant United States Attorney (Daniel C. Richenthal, Brian A. Jacobs, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Alberto Baldeo appeals the judgment of conviction entered on February 2, 2015, in the United States District Court for the Southern District of New York (Crotty, *J.*), after a jury found him guilty of one count of conspiracy to obstruct justice, in violation of 18 U.S.C. § 1512(k), and six counts of obstruction of justice by witness tampering, in violation of 18 U.S.C. § 1512(b)(3). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Baldeo first challenges the district court's modified *Allen* charge as impermissibly coercive. "[A] trial court's decision to give an *Allen* charge is reviewed under an abuse-of-discretion standard." *United States v. Crispo*, 306 F.3d 71, 77 (2d Cir. 2002). "When a trial judge issues a supplemental instruction to a divided jury, its propriety turns, at least in part, on whether the charge 'tends to coerce undecided jurors into reaching a verdict—that is, whether the charge encourages jurors to abandon, without any principled reason, doubts that any juror conscientiously holds as to a defendant's guilt.'" *United States v. McDonald*, 759 F.3d 220, 223 (2d Cir. 2014) (quoting *United States v. Vargas–Cordon*, 733 F.3d 366, 377 (2d Cir. 2013)). A trial judge delivering an *Allen*-type supplemental charge should "both urge jurors to try to convince each other and remind jurors to adhere to their conscientiously held views." *Id.* at 225.

In response to a note informing the court that the jury was "11 to one and struggling to get a unanimous vote," App'x at 154, the district court referred the jury to its earlier unchallenged instructions on unanimity. It then delivered a modified *Allen* charge, while admonishing the jury: "never change your mind just because other jurors see things differently or just to get this case over with." App'x at 159. When considered "'in its context and under all the circumstances'" from "the viewpoint of a juror in the minority position," this supplemental charge did not encourage jurors to abandon their conscientiously held doubts without any principled reason. *McDonald*, 759 F.3d at 223 (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988)). Moreover, after receiving the charge, the jury continued to deliberate for five and a half hours before returning a verdict of guilty. "Such lengthy post-instruction discussion 'strongly indicates' a lack of coercion." *Vargas-Cordon*, 733 F.3d at 378 (quoting *Spears v. Greiner*, 459 F.3d 200, 207 (2d Cir. 2006)). We therefore conclude that the modified *Allen* charge was not impermissibly coercive.

Baldeo next asserts that there was insufficient evidence to support venue on six of his counts of conviction.[1] We are not persuaded. A prosecution under 18 U.S.C. § 1512 may be brought either (i) "in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected," or (ii) "in the district in which the conduct constituting the alleged offense occurred." 18 U.S.C. § 1512(i). In support of each count of conviction, the government presented evidence that Baldeo sought to impede grand jury proceedings that were subsequently instituted in the Southern District of New York by attempting to prevent potential witnesses from communicating with FBI agents from that district

---

[1] Baldeo also purports to challenge the jury instructions on venue. However, Baldeo waived this issue by failing to argue in his briefs that the venue instructions were erroneous. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

about suspected federal fraud offenses committed within their jurisdiction. Accordingly, with respect to each count, there was sufficient evidence to prove by a preponderance of the evidence that venue was proper in the Southern District of New York, where the official proceedings were anticipated. *See United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012).

Baldeo also challenges the sufficiency of the evidence on Count Seven, asserting that he did not use intimidation, threats, or corrupt persuasion with Gagendra Pooran. Although Baldeo argues at length that his conduct did not amount to "corrupt persuasion" within the meaning of 18 U.S.C. § 1512(b), he does not substantively dispute that a reasonable jury could conclude that he attempted to intimidate Pooran. "The conviction must be upheld if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks omitted). Accordingly, his sufficiency challenge fails.

Finally, the district court did not abuse its discretion in denying Baldeo's motion for reconsideration of his motion for a new trial. Baldeo's claim that he was denied a public trial was predicated entirely on the post-trial affidavits of two witnesses who were allegedly excluded from the courtroom during voir dire. However, the transcript of the voir dire proceedings reveals that the district court instructed the public spectators not to leave, but rather to "sit in one area" of the courtroom to accommodate the members of the venire panel. App'x at 69. The district court therefore acted within its discretion by denying the motion in the absence of an evidentiary hearing on the grounds that the affidavits were facially incredible in light of the trial record and the district court's own recollection of the proceedings. *See United States v. DiPaolo*, 835 F.2d 46, 51 (2d Cir. 1987).

We have considered the remainder of Baldeo's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk