18-986-cr
United States v. Mercedes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand nineteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                          18-986-cr

FRANK MERCEDES,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Andrew Levchuk, Bulkley, Richardson & Gelinas, LLP, Springfield, MA.

Appearing for Appellee:      Rebekah Donaleski, Assistant United States Attorney (Jessica K. Fender, Laurie Korenbaum, Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Frank Mercedes appeals from an April 6, 2018, judgment of conviction after a jury trial in the United States District Court for the Southern District of New York (Sullivan, *J.*) finding him guilty of (1) murder in furtherance of a conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. § 848(e)(1)(A); (2) conspiracy to commit murder for hire, 18 U.S.C. § 1958; (3) murder for hire, 18 U.S.C. § 1958; and (4) aiding and abetting the use of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(j). Mercedes also appeals from said District Court's denial of his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Mercedes's convictions arise from the murder of Richard Diaz in July 1999. A jury found that Mercedes paid Francisco Velez-Gomez, Julio Guerrero, and Jose Luis Gracesqui to murder Jorge Rosario, a friend of Richard Diaz's, after Rosario and others robbed Mercedes of three kilograms of heroin; $15,000 to $20,000 in cash; and a firearm. In July 1999, Rosario and Diaz were stopped in a vehicle in the Bronx when Gracesqui opened fire, injuring Rosario and killing Diaz.

Mercedes raises three issues on appeal. He first argues that the district court abused its discretion in denying his Rule 33 motion for a new trial on the ground that the government's cooperating witness, Velez-Gomez, gave testimony that was patently incredible. "[W]e review the denial of a Rule 33 motion for abuse of discretion." *United States v. Bouchard*, 828 F.3d 116, 128 (2d Cir. 2016). "[W]here the resolution of the Rule 33 motion depends on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *United States v. McCourty*, 562 F.3d 458, 476 (2d Cir. 2009) (alteration omitted) (internal quotation marks omitted). This is particularly true where a defendant "had ample opportunity to present to the jury his claims about the lack of credibility of . . . witnesses through cross-examination and closing arguments." *United States v. Cacace*, 796 F.3d 176, 192 (2d Cir. 2015) (alteration omitted) (internal quotation marks omitted). Mercedes cross-examined Velez-Gomez about the inconsistencies in his testimony and emphasized the incredulity of Velez-Gomez's testimony at closing arguments. The jury therefore had Mercedes's arguments that Velez-Gomez was not credible before it and nonetheless convicted Mercedes on all counts. In such circumstances, we will not invade the fact-finding province of the jury to set aside the verdict.

Mercedes's second argument on appeal is that the district court plainly erred in issuing an *Allen* charge after less than two full days of deliberation and on the Tuesday before Thanksgiving. The government argues that Mercedes waived this argument by inviting the charge, but we decline to reach the issue of waiver because Mercedes's challenge fails on the merits of a plain-error review. "Whether an *Allen* charge was appropriate in a given case hinges

on whether it tends to coerce undecided jurors into reaching a verdict." *Small v. Batista*, 191 F.3d 272, 278-79 (2d Cir. 1999) (internal quotation marks omitted). This Court considers whether, "in its context and under all the circumstances," the charge "encourages jurors to abandon, without any principled reason, doubts that any juror conscientiously holds as to a defendant's guilt." *United States v. McDonald*, 759 F.3d 220, 223 (2d Cir. 2014) (internal quotation marks omitted). As to the duration of the jury's deliberation, this Court has refused to require that a "fixed period of time must necessarily elapse before the charge may properly be given," and we instead use the length and complexity of the trial as a gauge for an *Allen* charge's timeliness. *United States v. Vargas-Cordon*, 733 F.3d 366, 378-79 (2d Cir. 2013) (internal quotation marks omitted).

As the district court noted here, Mercedes's trial consisted of less than three full days of testimony and argument, and the jury deliberated for nearly two days. It was not clear error to issue an *Allen* charge in this situation. Nor was it clear error to issue an *Allen* charge on the Tuesday before Thanksgiving. To succeed on his challenge, Mercedes must offer more than "[s]peculation" that the impending holiday or other circumstances were unduly coercive. *United States v. Corcione*, 592 F.2d 111, 117 (2d Cir. 1979). But the district court addressed the trial schedule at the beginning of the trial, noted that deliberations would depend on the jurors' holiday plans, and met individually with the only juror who expressed concern about her travel plans interfering with deliberations. We do not detect any error, much less plain error, where the district court went to such lengths to prevent the impending holiday from coercing the jury into a premature verdict.

Lastly, Mercedes argues that there was insufficient evidence on Count IV, his conviction for aiding and abetting a violation of 18 U.S.C. § 924(j), to establish that Mercedes knew that Guerrero, Gracesqui, and Velez-Gomez would use a firearm to kill Rosario. The government responds that, because the hitmen had committed robberies using firearms in the past, Mercedes knew that they would use a firearm to murder Rosario. In reviewing Mercedes's challenge, we consider the evidence as a whole and view it "in the light most favorable to the government." *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011). We must uphold the conviction "if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 105 (internal quotation marks omitted). To prove a defendant aided and abetted the use of a firearm in furtherance of a crime of violence, a defendant must "know[] that one of his confederates will carry a gun." *Rosemond v. United States*, 572 U.S. 65, 77 (2014).

The government presented evidence that Guerrero, Gracesqui, and Velez-Gomez had previously committed numerous armed robberies, and Mercedes was friends with and a drug dealer for Guerrero. Viewing this evidence of the hitmen's modus operandi and Mercedes's connection to Guerrero in the light most favorable to the government, a jury could reasonably infer that Mercedes knew that the individuals he hired would use a firearm to murder Rosario.

We have considered the remainder of Mercedes's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk