Matter of Baldeo (2020 NY Slip Op 01492)





Matter of Baldeo


2020 NY Slip Op 01492


Decided on March 4, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2015-00923

[*1]In the Matter of Albert Jairam Baldeo, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Albert Jairam Baldeo, respondent. (Attorney Registration No. 2509800)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated June 19, 2015, this Court, inter alia, immediately suspended the respondent based upon his conviction of a serious crime pursuant to Judiciary Law § 90(4)(f), authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based on his conviction of several federal felonies, and referred the issues raised to David I. Ferber, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 16, 1992.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated July 10, 2015, containing one charge of professional misconduct. The respondent served and filed a verified answer dated September 23, 2015. After a hearing conducted on November 30, 2018, the Special Referee filed a report dated April 17, 2019, in which he sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent joins in the motion to confirm so much of the report as sustained the charge, and requests that based upon the mitigation presented, any discipline imposed should be made retroactive to the date of his suspension which commenced immediately by decision and order on motion dated June 19, 2015.
The single charge of the petition alleges that the respondent was convicted of a serious crime and thereby engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, and is prejudicial to the administration of justice, in violation of rule 8.4(b), (d), and (h) of the Rules of Professional Conduct (22 NYCRR 1200.00), respectively, as follows:
A superseding indictment dated July 23, 2013, was filed in the United States District Court for the Southern District of New York, charging the respondent with mail and wire fraud [*2]conspiracy (in violation of 18 USC §§ 1341, 1343, 1349), mail fraud (in violation of 18 USC § 1341), attempted wire fraud (in violation of 18 USC §§ 1343, 1349), conspiracy to obstruct justice (in violation of 18 USC § 1512[b][3]; [k]), and six counts of obstruction of justice (in violation of 18 USC § 1512[b][3]). The charges stemmed from the respondent's unsuccessful 2010 campaign for a seat on the New York City Council, during which he provided funds to members of the community to act as "straw donors" to make contributions to his campaign. When the Federal Bureau of Investigation (hereinafter FBI) began investigating the respondent's campaign contributions, he used threats, intimidation, and corrupt persuasion to induce the straw donors to provide false information and/or to refuse to cooperate with FBI agents.
On August 11, 2014, the respondent was convicted, upon a jury verdict, of one count of conspiracy to obstruct justice in violation of 18 USC § 1512(b)(3) and (k), and six counts of obstruction of justice in violation of 18 USC § 1512(b)(3), all federal felonies. On February 2, 2015, the respondent was sentenced to a period of imprisonment of 18 months, with 3 months of home confinement, a period of supervised release of 2 years, 300 hours of community service, a $15,000 fine, and a $700 special assessment. On appeal, the judgment of conviction was affirmed (see United States v Baldeo , 615 Fed Appx 26 [2d Cir]).
Based upon the evidence adduced at the hearing, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline, we have considered the character evidence submitted by the respondent, his extensive community service, and his lack of disciplinary history. Notwithstanding the foregoing, we find that the respondent conceived and executed a plan using members of the community as straw donors to make contributions to his campaign, without respect for the ethical requirements of the legal profession or the office he was seeking. Moreover, once his contributions were being investigated, the respondent attempted to conceal the underlying scheme by deliberately and repeatedly intimidating the straw donors to answer questions from law enforcement as he instructed, or not to cooperate with law enforcement at all. The intimidation used included, inter alia, threats of deportation, threatening a straw donor's employment, and having complaints of child abuse filed against a straw donor who expressed reservations about carrying out the respondent's plan. The respondent also relied upon his stature as an attorney to persuade the straw donors not to cooperate with FBI agents, thereby abusing his position as an attorney.
Under the totality of the circumstances, we find that a disbarment is warranted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law (see Matter of Delany , 237 AD2d 97).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Albert Jairam Baldeo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Albert Jairam Baldeo, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Albert Jairam Baldeo, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Albert Jairam Baldeo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court