18-1390 (L)
*U.S. v. Vinokurov*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-one.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
>
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

AZER ARSLANOUK, AVTANDIL KHURTSIDZE,
RAZHDEN SHULAYA, AKA BROTHER, AKA ROMA,

> *Defendants-Appellants*,

ZURAB DZHANASHVILI, AKA ZURA, AKAKI UBILAVA,
AKA AKO, HAMLET UGLAVA, MAMUKA CHAGANAVA,
MIKHEIL TORADZE, NAZO GAPRINDASHVILI, AKA
ANNA, EVGHENI MELMAN, TIMUR SUYUNOV, ZURAB

Nos. 18-1390 (L), 18-2522,
18-2783, 18-3852*

_____

* The Lead appeal, No. 18-1390, was separately determined by order filed on September 5, 2018.

BUZIASHVILI, GIORGI LOMISHVILI, IVAN AFANASYEV, AKA VANYA, DENIS SAVGIR, BAKAI MARAT-UULU, ANDRIY PETRUSHYN, DIEGO GABISONIA, LEVAN MAKASHVILI, SEMYON SARAIDAROV, AKA SAMMY, DENYS DAVYDOV, EREKLE KERESELIDZE, ALEX MITSELMAKHER, AKA GLOBUS, YURIY LERNER, AKA YURI, AVTANDIL KANADASHVILI, NIKOLOZ JIKIA, VACHE HOVHANNISYAN, ARTUR VINOKUROV, AKA RIZHY,

*Defendants.*

_____

| | |
|---|---|
| FOR DEFENDANTS-APPELLANTS: | MEGAN W. BENETT, Kreindler & Kreindler LLP, New York, NY (Arthur K. Womble, Jr., Zeman & Womble, LLP, Brooklyn, NY, *on the brief*) (for Avtandil Khurtsidze). |
| | ARZA FELDMAN, Feldman & Feldman, Attorneys at Law, Manhasset, NY (for Razhden Shulaya). |
| | Louis V. Fasulo, Fasulo Braverman & DiMaggio, LLP, New York, NY (for Azer Arslanouk). |
| | Razhden Shulaya, pro se, Bruceton, WV. |
| FOR APPELLEE: | ANDREW C. ADAMS (Anna M. Skotko and Andrew M. Thomas, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from judgments of conviction of the United States District Court for the Southern District of New York (Forrest and Preska, *JJ.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case of Avtandil Khurtsidze is **REMANDED** with instructions that the district court vacate the judgment of conviction entered on

September 20, 2018, only as to the sentence then imposed and conduct a resentencing; Khurtsidze's conviction is otherwise **AFFIRMED**; the judgment of conviction entered on December 20, 2018, with respect to Razhden Shulaya is **AFFIRMED**; the appeal of Azer Arslanouk is **DISMISSED** in part, and the judgment of conviction entered against him on August 18, 2018, is otherwise **AFFIRMED**; and Louis V. Fasulo's motion to be relieved as counsel to Arslanouk is **GRANTED**.

Avtandil Khurtsidze and Razhden Shulaya appeal from the judgments of conviction entered against them following their June 2018 trial and convictions on charges of racketeering conspiracy, conspiracy to commit wire fraud, as well as (with respect to Shulaya) other charges. Azer Arslanouk appeals from the judgment of conviction entered against him in August 2018 following his plea of guilty to racketeering conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.     Background

A superseding indictment filed on April 12, 2018, charged Khurtsidze and Shulaya with counts of racketeering conspiracy, 18 U.S.C. § 1962(d) (Count One), and wire fraud conspiracy, 18 U.S.C. §§ 1343, 1349 (Count Five). It charged Shulaya alone with counts of conspiracy to transport and sell stolen goods, 18 U.S.C. §§ 371, 2314-15 (Count Two), conspiracy to traffic in contraband tobacco, 18 U.S.C. §§ 371, 2342 (Count Three), and conspiracy to commit fraud relating to identification documents, 18 U.S.C. § 1028(f) (Count Four).

The indictment alleged that Shulaya directed an organized crime group that it called the "Shulaya Enterprise." Shulaya App'x 42. It described Shulaya as a "vor v zakone," or "vor," and explained that these are "Russian phrases translated roughly as 'Thief-in-Law' or 'Thief,' and which refer to an order of elite criminals from the former Soviet Union who receive tribute from other criminals, offer protection, and use their recognized status as 'vor' to adjudicate disputes among lower-level criminals." *Id.* (emphases omitted). The Shulaya Enterprise was alleged to be based in New York City and engaged in criminal activity that

3

included perpetrating acts of violence and extortion, operating illegal gambling businesses, defrauding casinos, engaging in identity theft and fraud, and trafficking in stolen goods. At trial, the government sought to establish that Khurtsidze, a professional boxer, served as Shulaya's enforcer, and assisted in developing the Shulaya Enterprise in New York City.

## II. Khurtsidze's Appeal

### A. Admission of expert testimony

Khurtsidze contends that the district court abused its discretion when it admitted testimony from FBI Special Agent John Penza as an expert on Eurasian organized crime. He challenges Penza's qualifications as an expert and argues secondarily that Penza's role as a supervisor of the FBI unit that investigated Shulaya made it improper for him to testify in the trial as an expert.

Federal Rule of Evidence 702(a) permits a district court to admit the expert testimony of a witness "who is qualified as an expert by knowledge, skill, experience, training, or education." We review a district court's decision to admit or exclude expert testimony for abuse of discretion. *See United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004).[1] A district court abuses its discretion in evidentiary rulings only when it acts "arbitrarily or irrationally." *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006).

The district court did not abuse its discretion in admitting Special Agent Penza's testimony. Penza testified that he had been an FBI agent for seventeen years and that he worked for seven years on investigations into traditional organized crime and, for the seven years immediately before the trial, on investigations into Eurasian organized crime. He was personally involved in at least ten Eurasian organized crime investigations. Khurtsidze counters that, notwithstanding this experience, Penza "had received no training from the FBI in Eurasian organized crime, had never testified in a Eurasian organized crime trial, had authored no publications and had never been previously qualified as an expert in any field." Khurtsidze Appellant's Br. 38. None of the credentials that Khurtsidze cites, however, is

---

[1] Unless otherwise indicated, this Summary Order omits internal quotation marks, alterations, citations, and footnotes in text quoted from caselaw.

required to be qualified as an expert. *See* Fed. R. Evid. 702 (providing that witness may be "qualified as an expert by knowledge, skill, experience, training, or education" where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"). Penza's experience was more than adequate to support the district court's qualification of him as an expert. *See United States v. Locascio*, 6 F.3d 924, 937 (2d Cir. 1993) (holding FBI agent sufficiently qualified to serve as expert witness based on working for seventeen years as FBI agent and five years in "FBI's Organized Crime Program"). The challenge based on the alleged inadequacy of Penza's qualifications therefore fails.

Khurtsidze also contends that admitting the testimony of a supervisor of the investigation as an expert unfairly lent credibility to the government's case. Yet this Court has held in the past that case agents and supervisors may testify as experts despite any risk that the jury will infer that the agent's testimony was drawn from relevant facts not presented to the jury at trial. *See United States v. Dukagjini*, 326 F.3d 45, 53-56 (2d Cir. 2003). Khurtsidze identifies no particular prejudice to him arising from Penza's highly general expert testimony, nor does Penza's expert testimony appear to have drawn upon his particular experience in the Shulaya investigation in any meaningful way. While Penza described the traditional operations of Eurasian criminal enterprises and defined certain related terms (like "vor"), he did not specifically link Khurtsidze and Shulaya to such enterprises or terms. Moreover, a review of the record confirms that the district court acted as a "vigilant gatekeeper[] of [Penza's] expert testimony," offering to give a limiting instruction to the jury (an offer that defendants declined), and ensuring that Penza's testimony was "reliable and not substantially more unfairly prejudicial than probative." *Id.* at 56. We therefore reject Penza's evidentiary challenge.

### B. Conscious avoidance instruction

Khurtsidze also renews his objection, first made at trial, to the district court's decision to instruct the jury on conscious avoidance. "A conscious avoidance instruction may only be given if (1) the defendant asserts the lack of some specific aspect of knowledge required for conviction, and (2) the appropriate factual predicate for the charge exists, i.e.,

the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003). Khurtsidze contends that he did not assert lack of knowledge in his defense and that no factual predicate supported the conscious avoidance charge. We review de novo the propriety of jury instructions, applying a harmless error standard when (as here) defendants objected to the challenged instruction at trial. *United States v. Botti*, 711 F.3d 299, 307-08 (2d Cir. 2013).

The district court did not err in giving a conscious avoidance instruction here. First, in her opening statement, Khurtsidze's counsel asserted his lack of specific knowledge, suggesting that Khurtsidze did not know how the slot machine rigging scheme worked and attempting expressly to cast doubt on the proposition that Khurtsidze's actions in support of the scheme were undertaken knowingly. *See* Khurtsidze App'x 265 ("The evidence that will be elicited during this trial . . . will, we have confidence, leave you with . . . reasonable doubt about what Mr. Khurtsidze knew about the operation of these rigged slot machines . . . ."). Second, a Shulaya Enterprise co-conspirator provided a factual predicate for the conscious avoidance charge. He testified that Khurtsidze drove him from New York to Atlantic City, that Khurtsidze made the long drive without talking to him at all, and that Khurtsidze delivered him to a casino where the co-conspirator gathered information from slot machines to advance the wire fraud scheme. The co-conspirator also testified that Khurtsidze was in the room with him at an illegal gambling establishment run by Shulaya when the co-conspirator was using a test slot machine to fix problems with the slot-machine-rigging software. Particularly when viewed in conjunction with other evidence adduced at trial— including video footage of Khurtsidze transporting a slot machine to an apartment and carrying it inside and evidence that Khurtsidze received on his cell phone images of a slot machine relevant to the scheme—a rational juror could have concluded that Khurtsidze "was aware of a high probability" that he was acting in furtherance of the wire fraud scheme, but "consciously avoided confirming that fact." *Svoboda*, 347 F.3d at 480. In combination,

6

these factors adequately supported the district court's decision to charge the jury on conscious avoidance.

## C. Sufficiency of the evidence

Khurtsidze's sufficiency challenge with respect to his Count Five wire fraud conviction also fails. At trial, the government presented extensive evidence of Khurtsidze's involvement in the wire fraud scheme. This included the aforementioned video footage of Khurtsidze transporting a slot machine, data found on Khurtsidze's cell phone, and evidence that Khurtsidze drove a Shulaya Enterprise co-conspirator to an Atlantic City casino to gather information necessary to carry out the scheme. The government also introduced a transcript of a conversation between Khurtsidze and Shulaya in which Shulaya appeared to invite Khurtsidze to practice using the slot machines to defraud casinos. Contrary to Khurtsidze's argument on appeal, this evidence was sufficient for a rational juror to conclude beyond a reasonable doubt that Khurtsidze participated in the slot machine conspiracy with the specific intent to further the scheme.

## D. Khurtsidze's sentence

Khurtsidze challenges his above-Guidelines sentence to two concurrent ten-year terms of imprisonment as procedurally and substantively unreasonable. He also contends that the district court made certain statements creating an appearance that his national origin and immigration status played an adverse and improper role in the district court's determination of the appropriate sentence.

"It has long been settled in this Circuit that although reference to national origin and naturalized status is permissible during sentencing, it is allowed only so long as it does not become the basis for determining the sentence." *United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007). We review de novo "whether the district court improperly considered the defendant's national origin." *Id.* at 156-57. "[E]ven the appearance that the sentence reflects a defendant's race or nationality will ordinarily require a remand for resentencing." *Id.* at 156.

Although we are confident that the district court harbored no bias towards Khurtsidze based on his nationality or immigration status, we are compelled by certain

comments made by the district court at sentencing to remand for resentencing. In its discussion of the general deterrent effect of the sentence it imposed, the district court commented that Khurtsidze's sentence "may well be watched by the Georgian community, both here and abroad," and expressed the view that Khurtsidze's sentence would send a "message" that "Russian organized crime that seeks to come to the shores of the United States . . . will be dealt with, with the power of our criminal justice system." Khurtsidze App'x 1876-77. References of this sort "to the publicity a sentence might receive in the defendant's ethnic community or native country" and to "deter[ring] others sharing that national origin from violating United States laws in the future" create an improper appearance that a defendant's national origin or immigration status might be driving the choice of sentence. *Kaba*, 480 F.3d at 157. We therefore remand with instructions that the district court vacate Khurtsidze's sentence and conduct a resentencing. Having done so, we do not consider his remaining arguments about its procedural or substantive reasonableness.[2]

### III.    Shulaya's Appeal

#### A.  Supplemental jury instruction

During jury deliberations, the district court received a signed note from the jury foreperson. It read, "Your Honor, the jury is deliberating and one of the jurors is using non-law principles to come to a conclusion in this case. Is this something we have to sort through or is this a case an alternate needs to be called?" Shulaya App'x 241. In response, the district court reminded the jury of the court's instructions regarding the jury's role as factfinder.

Shulaya now contends that the district court's instruction was improper because it failed to state in addition that no juror should yield a conscientious conviction. We review the supplemental jury charge for plain error because Shulaya did not object when it was given. *See United States v. Ghailani*, 733 F.3d 29, 52 (2d Cir. 2013).

---

[2] The sentencing judge has since left the bench. We therefore need not consider whether the resentencing should be conducted by a different judge. *See Kaba*, 480 F.3d at 159.

On such review, we conclude that the district court did not commit plain error in its instruction to the jury. It is true that, in considering a district court's use of an "*Allen* charge," in which the court encourages deadlocked juries to reexamine their views, we generally require "that judges muffle the [charge's] explosive effects . . . by adding mitigating language" such as the language Shulaya now suggests was required here. *United States v. McDonald*, 759 F.3d 220, 225 (2d Cir. 2014). The propriety of a supplemental instruction to a deadlocked jury must be considered, however, in "context and under all the circumstances," *id.* at 223, because it "turns, at least in part, on whether the charge tends to coerce undecided jurors into reaching a verdict—that is, whether the charge encourages jurors to abandon, without any principled reason, doubts that any juror conscientiously holds as to a defendant's guilt." *Id.*

It is far from clear from the record before us that the jury was deadlocked. Moreover, the district court's instruction in no way "encourage[d] jurors to abandon" their doubts—or even pressed the jury to reach a decision. *Id.* Viewed in context, the charge falls well short of the sort of coercive instruction that requires the mitigating language Shulaya describes. We identify no reversible error in the district court's action.

## B. Substantive reasonableness of sentence

Shulaya also challenges the substantive reasonableness of his below-Guidelines sentence of 45 years' imprisonment. On review, we do not presume that within-Guidelines sentences are substantively reasonable. We have observed, still, that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Goffer*, 721 F.3d 113, 131 (2d Cir. 2013).

After conducting this deferential review, we determine that Shulaya has identified no basis for disturbing the sentence imposed on him by the district court. In his submissions on appeal, he consistently downplays the seriousness of his conduct, arguing among other

9

things that his sentence was "draconian" because he had no prior criminal record and only dealt in "contraband, casinos, and cargo," and that the loss amount related to his conviction was overstated because the government "pump[ed] Mr. Shulaya" with contraband cigarettes. Shulaya Appellant's Br. 39-40. Contrary to these characterizations, Shulaya's pre-sentence report, to which he did not object, detailed his energetic involvement in these criminal activities and also in numerous assaults related to his direction of the criminal enterprise. Moreover, testimony at trial established that it was Shulaya who, unprompted, requested contraband cigarettes from the government's informant. In determining Shulaya's sentence, the district court reasonably rejected his contention that the government drove his criminal conduct and cited instead Shulaya's long history of violent acts in support of his criminal enterprise. Shulaya has thus presented no basis for concluding that his sentence "cannot be located within the range of permissible decisions." *Goffer*, 721 F.3d at 131.

## C. Denial of sentencing adjournment

Having been represented by counsel throughout the pretrial proceedings and trial, Shulaya retained new counsel shortly before his scheduled sentencing. On the day before he was scheduled for sentencing, in fact, his new counsel, Igor Niman, filed a letter announcing his retention and sought a one-month adjournment to allow him to study Shulaya's pre-sentence report and possibly to challenge the PSR's loss amount calculation. The district court denied Niman's request.

Citing this denial, Shulaya now asks this Court to vacate his sentence and remand for resentencing. Because "trial courts enjoy very broad discretion in granting or denying trial continuances," we review of a refusal to grant a continuance for abuse of discretion. *United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013). "A defendant must show both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance." *Id.* at 128.

The district court's decision was neither arbitrary nor prejudicial. Pointing to Shulaya's history of counsel substitutions—he had already retained and relieved at least three lawyers, resulting in multiple adjournments—the district court reasonably concluded that Shulaya's last-minute retention of Niman constituted yet another effort to delay proceedings, and, on that basis, denied the adjournment request. But, even if the decision were arbitrary,

10

Shulaya fails to identify any prejudice to him resulting from the district court's decision. In denying the requested adjournment, the district court specifically discussed the substantial record support for the loss amounts specified in the PSR, and Shulaya makes no argument on appeal that the loss amount calculations were ultimately incorrect or unsupported. We perceive no basis for disturbing the district court's judgment.

## IV. Arslanouk's Appeal

Finally, Azer Arslanouk appeals from his judgment of conviction and sentence following his plea of guilty to racketeering conspiracy, 18 U.S.C. § 1962(d). As part of his plea, Arslanouk expressly waived his right to challenge his term of imprisonment or supervised release on appeal so long as he was sentenced to less than or equal to 27 months' imprisonment and the statutory maximum supervised release term. Arslanouk was sentenced to 27 months' imprisonment and the statutory maximum supervised release term. Counsel for Arslanouk, Louis V. Fasulo, has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating he can identify no non-frivolous grounds for appeal and requesting that he be relieved as counsel. The government has moved to dismiss Arslanouk's appeal citing the appeal waiver. In the alternative, it seeks summary affirmance.

After careful review, we agree with the government that Arslanouk's waiver of his appeal rights regarding his conviction was knowing and voluntary, and we find no reason in the record to decline to enforce Arslanouk's waiver with respect to his sentence. *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (identifying "exceptions to the presumption of the enforceability of a waiver," and noting that they "occupy a very circumscribed area of our jurisprudence"). We therefore dismiss the appeal as to matters covered by the appeal waiver and affirm the district court's judgment as to Arslanouk in all other respects.

\* \* \*

We have considered appellants' remaining arguments, including those made in Shulaya's separate pro se submission, and find in them no basis for disturbing the district court judgments other than as set out above. Therefore: as to Khurtsidze, we hereby

REMAND his case with instructions that the district court VACATE his sentence and conduct a resentencing, but otherwise AFFIRM the judgment of conviction; as to Shulaya, we AFFIRM the judgment of conviction; and as to Arslanouk, we DISMISS in part the appeal and otherwise AFFIRM the judgment of conviction. We GRANT Fasulo's motion to be relieved as counsel to Arslanouk.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court